Brian E. Claypool (SBN 134674)
Nathalie Vallejos (SBN 324721)
**THE CLAYPOOL LAW FIRM**
4 East Holly Street, Suite 201
Pasadena, California 91103
Telephone:    (626) 345-5480
Facsimile:    (626) 787-1042

David M. Ring (SBN 151124)
James W. Lewis (SBN 207599)
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone:    (310) 209-4100
Facsimile:    (310) 208-5052

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNA GROOM, an individual, | Case No.: |
| Plaintiff, | |
| vs. | **PLAINTIFF'S COMPLAINT  FOR DAMAGES** |
| CITY OF EL PASO DE ROBLES aka CITY OF PASO ROBLES, a public entity; CHRISTOPHER SEAN MCGUIRE, an individual; and DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## JURISDICTION AND VENUE

Plaintiff JENNA GROOM, an individual, alleges:

1.      Plaintiff JENNA GROOM ("Plaintiff") is and was at all times mentioned herein a citizen of the State of California and resides in the Central District of California.

2.      Defendant CITY OF EL PASO DE ROBLES aka CITY OF PASO ROBLES ("PDR" or "Paso Robles") is commonly known as Paso Robles.  Defendant CITY OF PASO DE ROBLES is a

1

city and a public entity within the Central District of California.  Defendant PDR has its own police department within the City of Paso Robles named Paso Robles Police Department ("PRPD").

3.     Defendant CHRISTOPHER SEAN MCGUIRE ("McGuire" "Christopher McGuire" or "Sergeant McGuire") is an individual who resides in the County of San Luis Obispo, within the Central District of California.  Defendant Christopher McGuire, at all relevant times herein, was employed by Defendant PDR as a sergeant within the Paso Robles Police Department.

4.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

## INTRODUCTION

5.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with Defendant Christopher McGuire's ongoing sexual assault, sexual harassment, and intimidation of plaintiff from December 19, 2017 through April of 2018.  During these acts of sexual assault and sexual harassment, Defendant McGuire was acting under color of law as a Sergeant with the Paso Robles Police Department.  After Plaintiff complained about McGuire's sexual assault of Plaintiff to a third party law enforcement agency, McGuire was placed on paid administrative leave.  The San Luis Obispo County Sheriff's Office conducted an investigation into McGuire's sexual assault and sexual harassment of Plaintiff.  During the investigation, the San Luis Obispo County Sheriff's Office concluded that McGuire had sexually assaulted and harassed Plaintiff.  The San Luis Obispo County Sheriff's Office also concluded that McGuire had sexually assaulted and sexually harassed other women as well, including as far back as 2015.  Rather than terminate McGuire's employment, the Paso Robles Police Department allowed McGuire to resign.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.     On December 19, 2017, Sgt. McGuire and other members of the Paso Robles Police Department ("PRPD") responded to a domestic violence call from Plaintiff.  The officers responded in official marked Paso Robles Police Department vehicles.  After assessing the situation, PRPD forced entry into the home and arrested Plaintiff's boyfriend.  Plaintiff's boyfriend was taken into custody by

2

PRPD away from the residence and he did not present any further threat to Plaintiff on the night of December 19, 2017.  McGuire inspected the entire home.  After Plaintiff was questioned by PRPD Officer Petlachi and McGuire, all PRPD officers were released by McGuire.  However, McGuire stayed at the residence for approximately four more hours.

7.  At all times that McGuire was at plaintiff's home on December 19, 2017 McGuire was wearing a police uniform, including wearing a Sam Browne belt, carrying a gun, carrying handcuffs, wearing a badge, and acting under color of law.

8.  When they were alone, McGuire demanded that Plaintiff hug him while he was acting under color of law, using the full power of his authority as a law enforcement officer.  There was absolutely no legitimate law enforcement purpose for demanding that Plaintiff hug McGuire.  Plaintiff, being afraid and intimidated by McGuire, who was acting under color of legal authority and carrying a gun, complied, but pulled away quickly.  McGuire ordered Plaintiff to hug him again "harder," and directed her to continue hugging him until he said to let go.  Again, there was no legitimate reason for McGuire to force Plaintiff to hug him.

9.  McGuire then "hugged" Plaintiff for several minutes using his legal authority to force her to comply.  This was done for the purpose of sexually harassing and intimidating Plaintiff while acting under color of law for his own sexual gratification.  McGuire then grabbed Plaintiff's hand and placed it on his gun, which he was wearing in a holster on his hip.  He then grabbed her left hand and placed it on his erect penis.  McGuire then asked Plaintiff which gun she preferred.  Plaintiff stated that she preferred the firearm.  McGuire directed Plaintiff to tell him what she would do to his "big cock."  McGuire also said words to the effect of "You like that, don't you?  You like men of power."  Plaintiff requested that McGuire leave her residence, but he refused, stating that she was not safe due to the front door being damaged as a result of the forced entry by the San Luis Obispo Police Department.  This was not true given that Plaintiff's boyfriend no longer presented a threat to her that evening as he was taken away from the residence by the PRPD.  McGuire eventually left the residence.

10.  McGuire returned to plaintiff's residence within an hour of leaving with Officer Petlachi of the San Luis Obispo Police Department.  At approximately four o'clock in the morning, McGuire

had been at Plaintiff's residence for most of the night.  Defendant McGuire and Officer Petlachi talked to Plaintiff about further steps she needed to take after the domestic violence call and then they left.

11.   A few days after the December 19, 2017 incident McGuire unexpectedly appeared at Plaintiff's residence again ("Second Incident") on his way to work as a PRPD law enforcement officer. At the time of the Second Incident, McGuire was wearing civilian clothes but was acting under color of legal authority in that he said he was conducting a welfare check on Plaintiff arising from the December 19, 2017 Domestic Violence call.  McGuire also stated that he was following up on the pending criminal investigation arising out of the December 19, 2017 domestic violence call.

12.   On information and belief, McGuire was carrying a gun at the time of this purported "welfare check" on Plaintiff.  Plaintiff believed that McGuire was carrying a gun at the time of the second incident and feared for her safety as a result.  McGuire said he needed to speak to Plaintiff alone in the detached garage.  Once inside the garage, McGuire demanded that Plaintiff lock the door. Plaintiff complied with Defendant McGuire's demand and locked the door because she was in fear of her safety because McGuire was using his color of authority as a police officer to force Plaintiff to once again comply with his requests.  Plaintiff feared that McGuire would either physically harm her or arrest her if she failed to comply with his directives.  When Plaintiff asked what they needed to discuss, McGuire did not respond.  McGuire pulled down his shorts and attempted to physically force Plaintiff onto her knees to perform oral sex on him.  Plaintiff resisted.

13.   McGuire then physically forced plaintiff to lean over an object, pulled the back of her pants down and placed his erect penis inside of her vagina.  McGuire then raped Plaintiff and ejaculated onto her garage floor.  McGuire then instructed Plaintiff to clean his ejaculate from her garage floor. At no time did Plaintiff consent to the sexual assault.  McGuire raped Plaintiff under color of law, using his authority as a law enforcement officer to sexually assault Plaintiff.

14.   After sexually assaulting Plaintiff, McGuire threatened Plaintiff with physical harm if she disclosed the sexual assault.  McGuire also told Plaintiff that her boyfriend would never hurt her again and that McGuire would be conducting additional patrol checks on her residence throughout the evening.  McGuire then left.

///

**COMPLAINT FOR DAMAGES**

15.     DNA samples obtained from Plaintiff's garage floor and from McGuire by the San Luis Obispo County Sheriff's Office conclusively establish that McGuire's semen was on Plaintiff's garage floor.

16.     Throughout the next few months, McGuire stalked and harassed Plaintiff by appearing at places Plaintiff was present in the public while he was on duty as a police officer.  At all times she saw McGuire, he was wearing his full police uniform, including his badge, carrying a gun, and acting as a police officer.  McGuire followed Plaintiff while on duty for the purpose harassing and intimidating Plaintiff into not reporting the sexual assaults and sexual harassment by McGuire.  McGuire followed her for the purpose of letting her know that he was keeping an eye on her and that he was watching where she was going, who she was with and what she was doing.

17.     McGuire constantly drove by Plaintiff's house in his official marked police car, wearing his official uniform, while on duty, even after she moved.  Again, McGuire did this for the purpose of harassing and intimidating Plaintiff so that she would not report his sexual assaults or sexual harassment and would fear for her safety.

18.     In approximately April of 2018, McGuire pulled Plaintiff over when she was driving with her daughter.  McGuire was on duty, in full uniform, wearing a Sam Browne belt, carrying a gun, and driving a marked patrol car.  McGuire then detained Plaintiff under color of legal authority by directing her to get out of her car and go to his patrol car.  McGuire said he was angry because he had heard that Plaintiff disclosed the sexual assault to people.  McGuire then directed Plaintiff under color of law to drive to her new residence and he followed her in his official, marked patrol car.

19.     McGuire, in his full official uniform, wearing his Sam Browne belt and carrying a gun, followed Plaintiff into her home.  McGuire conducted a thorough check of Plaintiff's residence to conform that her boyfriend was not present.  He then ordered Plaintiff into her bedroom and followed her inside.  McGuire locked the door and unzipped his pants, exposing his erection.  McGuire tried to force Plaintiff into performing oral sex on him and/or engage in sexual intercourse with him, pulling his pants and belt down to the floor. Plaintiff fought back and began screaming.  McGuire directed Plaintiff to be quiet since Plaintiff's children were in the home. He then pulled up his pants and directed Plaintiff to escort him out of the house.  McGuire said that if Plaintiff told anyone about what occurred, he

would have Child Protective Services remove her children from her custody.  As he was leaving Plaintiff's house in full uniform, wearing his Sam Browne belt and carrying his gun, McGuire ordered Plaintiff to call the police department every Wednesday and leave a message for him for the purpose of intimidating her into not reporting his sexual assaults and sexual harassment of her.

20.    The San Luis Obispo County Sheriff's Office has obtained evidence corroborating McGuire's sexual assault of Plaintiff including DNA evidence, GPS evidence and approximately a dozen witnesses corroborating the allegations.

## McGUIRE'S HISTORY OF MISCONDUCT

21.    McGuire has a long history of misconduct as a law enforcement officer that started long before his sexual assault of Plaintiff.  Had Defendant Paso Robles and the Paso Robles Police Department properly investigated McGuire's background, it would have never hired him.  Further, had Defendant City of Paso Robles properly trained and supervised McGuire, he would have never been able to sexually assault Plaintiff.

22.    On information and belief, at the start of McGuire's law enforcement career, McGuire was a police officer for another law enforcement agency.  McGuire's employment was terminated with the law enforcement agency in 2001 after allegations that McGuire engaged in an inappropriate relationship with a minor.  On information and belief, the PRPD failed to adequately investigate McGuire's background at the time it hired him.  Had it done so, it would have discovered that he was unfit to serve as a police officer. On information and belief, McGuire continued to act in a sexually inappropriate manner while on duty, under color of legal authority, throughout his career with the Paso Robles Police Department and it knew or should have known of such misconduct.  On information and belief, City of Paso Robles was deliberately indifferent to the acts of sexual harassment and sexual assault by McGuire, and failed to investigate and/or adequately discipline McGuire for his prior acts of sexual harassment and sexual assault of women while employed by the City of Paso Robles.  Instead, on information and belief, the City of Paso Robles turned a blind eye to such sexual misconduct and ignored such sexual misconduct.  Such deliberate indifference by the City of Paso Robles and the Paso Robles Police Department directly caused Plaintiff to be sexually assaulted and sexually harassed by McGuire while he was on duty, acting under color of legal authority.

23.     During the San Luis Obispo County Sheriff's Office's investigation into McGuire's sexual assault of Plaintiff, it discovered that McGuire had sexually assaulted and sexually harassed several other women, while on duty, under color of authority and abused his power as a law enforcement officer.

24.     These sexual assaults include an incident that occurred in 2015 when McGuire was on duty, in his full uniform, acting under color of law.  In 2015, McGuire handcuffed a female civilian, placed her in the front passenger seat of his patrol car and drove away.  While driving his patrol car, McGuire directed the female civilian to "flash" her breasts and he would make the arrest go away.  The female civilian was on probation, was scared of violating her probation, and therefore showed her breasts to Sergeant McGuire.

25.     It was also revealed during the investigation conducted by the County of San Luis Obispo Sheriff's Office that McGuire routinely engaged in sexual intercourse and oral sex with other women while he worked his regular patrol shift, including one woman who reported that she had sexual intercourse with McGuire while he worked as a police officer between November of 2017 and March of 2018.  McGuire used his power as a law enforcement officer, wearing a uniform, and acting under color of law, to pressure and guilt this woman into performing oral sex on him in his patrol car.

26.     On information and belief, there are numerous other women who have been sexually harassed and sexually assaulted by Sergeant McGuire while he was on duty, acting under color of law, while wearing an official police uniform and carrying a gun.  On information and belief, McGuire abused his position of authority, acting under color of law, to sexually assault and harass these women.

27.     The City of Paso Robles and the Paso Robles Police Department knew or should have known of McGuire's criminal conduct given his propensity to engage in sex with other women during the course and scope of his duties as a police officer.  Defendant City of Paso Robles did nothing to intervene, to investigate, or stop McGuire's conduct, which directly led to the multiple sexual assaults and sexual harassment he perpetrated against Plaintiff.

///

///

7

### **FIRST CLAIM FOR RELIEF**

### **DUE PROCESS—INTERFERENCE WITH BODILY INTEGRITY (42 U.S.C. § 1983)**

### **(Against All Defendants)**

28.     Plaintiff repeats, re-alleges, and incorporates by reference, as if fully stated herein, each and every allegation in paragraphs 1 through 27, inclusive of this Complaint.

29.     At all times relevant herein, Defendant CHRISTOPHER MCGUIRE was acting under color of state law and color of authority, using his position of power as a police officer with the Paso Robles Police Department to intimidate, coerce, threaten, harass and sexually assault Plaintiff.

30.     Defendant CHRISTOPHER MCGUIRE's repeated sexual assaults of Plaintiff, and other uses of force, committed while acting as a police officer with the Paso Robles Police Department, deprived Plaintiff of her right to be secure in her person and free of interference with her bodily integrity as guaranteed by the Fourteenth Amendment.

31.     As a result of the foregoing, Plaintiff suffered great physical pain, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained.

32.     The conduct of Defendant CHRISTOPHER MCGUIRE was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages against Defendant CHRISTOPHER MCGUIRE.

33.     Sexual assault and sexual harassment, by their very nature, interfere with a person's right to bodily integrity and cannot be warranted or justified under any circumstances.

34.     As a direct and legal result of his misconduct, Defendant CHRISTOPHER MCGUIRE, as an integral participant in the interference with Plaintiff's bodily integrity, is liable for Plaintiff's injuries.

35.     As a direct and legal result of its deliberate indifference to the sexual misconduct and interference with bodily integrity by its police officers, Defendant CITY OF PASO ROBLES is also liable for Plaintiff's injuries.

### SECOND CLAIM FOR RELIEF

**MUNICIPAL LIABILITY—FAILURE TO TRAIN (42 U.S.C. § 1983)**

**(Against Defendant CITY OF PASO ROBLES)**

36.     Plaintiff repeats, re-alleges, and incorporates by reference, as if fully stated herein, each and every allegation in paragraphs 1 through 35, inclusive of this Complaint.

37.     At all times relevant herein, Defendant CHISTOPHER MCGUIRE acted under color of law.

38.     The acts of Defendant CHRISTOPHER MCGUIRE deprived Plaintiff of her particular rights under the United States Constitution.

39.     The training policies of Defendant CITY OF PASO ROBLES were inadequate to train its deputies to handle the usual and recurring situations with which they must deal, including the potential for law enforcement officers to abuse their power for the purpose of engaging in sexual harassment and sexual assault.

40.     Defendant CITY OF PASO ROBLES was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

41.     The failure of Defendant CITY OF PASO ROBLES to provide adequate training directly and legally caused the deprivation of Plaintiff's rights by Defendant CHRISTOPHER MCGUIRE; that is, Defendant CITY OF PASO ROBLES' failure to train its officers is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

42.     As a direct and legal result of Defendant CITY OF PASO ROBLES' aforementioned acts and omissions, Plaintiff has suffered great physical pain, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained.

43.     Accordingly, Defendant CITY OF PASO ROBLES is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

///

///

///

### THIRD CLAIM FOR RELIEF

### MUNICIPAL LIABILITY—HIRING UNFIT EMPLOYEE (42 U.S.C. § 1983)

### (Against Defendant CITY OF PASO ROBLES)

44.     Plaintiff repeats, re-alleges, and incorporates by reference, as if fully stated herein, each and every allegation in paragraphs 1 through 43, inclusive of this Complaint.

45.     At all times relevant herein, Defendant CHRISTOPHER MCGUIRE acted under color of law.

46.     The acts of Defendant CHRISTOPHER MCGUIRE deprived Plaintiff of her particular rights under the United States Constitution.

47.     At all times relevant herein, the customs, practices, and/or policies by which Defendant CITY OF PASO ROBLES hired new police officers were inadequate in that they allowed, authorized, and/or encouraged the hiring of individuals with a propensity for sexual misconduct.  Further, Defendant CITY OF PASO ROBLES failed to properly investigate McGuire's background sufficiently to reveal that he had engaged in sexual misconduct prior to the date of his employment with Defendant CITY OF PASO ROBLES.

48.     Defendant CITY OF PASO ROBLES was deliberately indifferent to the plainly obvious consequences of its failure to adequately vet, review, scrutinize, and/or investigate those people being hired as police officers.

49.     The failure of Defendant CITY OF PASO ROBLES to adequately vet, review, scrutinize, and/or investigate its potential and newly hired police officers caused the deprivation of Plaintiff's rights by Defendant CHRISTOPHER MCGUIRE; that is, Defendant CITY OF PASO ROBLES' hiring of unfit employees is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

50.     As a direct and legal result of Defendant CITY OF PASO ROBLES' aforementioned acts and omissions, Plaintiff has suffered great physical pain, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained.

51.     Accordingly, Defendant CITY OF PASO ROBLES is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY—RATIFICATION (42 U.S.C. § 1983)

### (Against Defendant CITY OF PASO ROBLES)

52.     Plaintiff repeats, re-alleges, and incorporates by reference, as if fully stated herein, each and every allegation in paragraphs 1 through 51, inclusive of this Complaint.

53.     At all times relevant herein, Defendant CHRISTOPHER MCGUIRE acted under color of law.

54.     The acts of Defendant CHRISTOPHER MCGUIRE deprived Plaintiff of her particular rights under the United States Constitution.

55.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant CHRISTOPHER MCGUIRE, ratified Defendant CHRISTOPHER MCGUIRE's acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of Defendant CHRISTOPHER MCGUIRE's acts.

56.     On information and belief, Defendant CHRISTOPHER MCGUIRE was disciplined, reprimanded, retrained, suspended, or otherwise penalized long after Defendant CITY OF PASO ROBLES became aware of said misconduct.

57.     Defendant CITY OF PASO ROBLES has a custom, practice, and/or policy of ratifying police officers' sexual misconduct and of failing to discipline, reprimand, retrain, suspend, or otherwise penalize such misconduct.

58.     As a direct and legal result of Defendant CITY OF PASO ROBLES' aforementioned acts and omissions, Plaintiff has suffered great physical pain, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained.

59.     Accordingly, Defendant CITY OF PASO ROBLES is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

### UNREASONABLE SEARCH AND SEIZURE—DETENTION & ARREST (42 U.S.C. § 1983)

### (Against All Defendants)

60.     Plaintiff repeats, re-alleges, and incorporates by reference, as if fully stated herein, each and every allegation in paragraphs 1 through 61, inclusive of this Complaint.

61.     Defendant CHRISTOPHER MCGUIRE detained Plaintiff without reasonable suspicion by using the color of law and his position of power as a law enforcement officer.

62.     When Defendant CHRISTOPHER MCGUIRE, while in his police uniform and wielding his government-issued firearm, harassed, intimidated, and assaulted Plaintiff, he violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

63.     Defendant CHRISTOPHER MCGUIRE's conduct was willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages against Defendant CHRISTOPHER MCGUIRE.

64.     As a direct and legal result of the aforementioned acts and omissions of Defendants CITY OF PASO ROBLES and CHRISTOPHER MCGUIRE, Plaintiff has suffered great physical pain, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained.

65.     As a direct and legal result of his misconduct, Defendant CHRISTOPHER MCGUIRE is liable for Plaintiff's injuries as an integral participant in the wrongful detention of Plaintiff.

66.     As a direct and legal result of its deliberate indifference to the wrongful detention of civilians by its police officers, Defendant CITY OF PASO ROBLES is liable for Plaintiff's injuries.

**COMPLAINT FOR DAMAGES**

### SIXTH CLAIM FOR RELIEF

### UNREASONABLE SEARCH AND SEIZURE—EXCESSIVE FORCE (42 U.S.C. § 1983)

### (Against All Defendants)

67.     Plaintiff repeats, re-alleges, and incorporates by reference, as if fully stated herein, each and every allegation in paragraphs 1 through 66, inclusive of this Complaint.

68.     Defendant CHRISTOPHER MCGUIRE's repeated sexual assault of Plaintiff, and other uses of force, deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

69.     As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

70.     The conduct of Defendant CHRISTOPHER MCGUIRE was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages against Defendant CHRISTOPHER MCGUIRE.

71.     Sexual assault and harassment, by its very nature, is conduct that involves excessive and unreasonable force and cannot be warranted or justified under any circumstances.

72.     As a direct and legal result of the aforementioned acts and omissions of Defendants CITY OF PASO ROBLES and CHRISTOPHER MCGUIRE, Plaintiff has suffered great physical pain, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained.

73.     As a direct and legal result of his misconduct, Defendant CHRISTOPHER MCGUIRE is liable for Plaintiff's injuries as an integral participant in the use of excessive force against Plaintiff.

74.     As a direct and legal result of its deliberate indifference to the use of excessive force of its police officers, Defendant CITY OF PASO ROBLES is liable for Plaintiff's injuries.

///

///

///

**COMPLAINT FOR DAMAGES**

### SEVENTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY—UNCONSTITUTIONAL CUSTOM OR POLICY

### (42 U.S.C. § 1983)

### (Against Defendant CITY OF PASO ROBLES)

75.     Plaintiff repeats, re-alleges, and incorporates by reference, as if fully stated herein, each and every allegation in paragraphs 1 through 74, inclusive of this Complaint.

76.     At all times relevant herein, Defendant CHRISTOPHER MCGUIRE acted under color of law.

77.     Defendant CHRISTOPHER MCGUIRE acted pursuant either to an expressly adopted official policy or a longstanding custom, practice, and/or policy of Defendant CITY OF PASO ROBLES which allowed him to prey on women, without being disciplined, suspended or terminated from the CITY OF PASO ROBLES.  On information and belief, there was a custom and practice with the Paso Robles Police Department to refrain from properly investigating allegations of sexual harassment and sexual misconduct of its police officers.  Further, Defendant CITY OF PASO ROBLES had a custom and practice of ignoring and/or minimizing complaints made by the public that one of its police officers had sexually harassed and/or sexually assaulted women while on duty.

78.     On information and belief, Defendant CHRISTOPHER MCGUIRE was disciplined, reprimanded, retrained, suspended, or otherwise penalized long after Defendant CITY OF PASO ROBLES became aware of said misconduct towards Plaintiff.  Further, on information and belief, Defendant CITY OF PASO ROBLES failed to discipline, reprimand, retrain, suspend, or otherwise penalize MCGUIRE for many years after it first became aware of his sexual misconduct.

79.     Defendant CITY OF PASO ROBLES, together with other CITY OF PASO ROBLES policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and/or policies:

(a)     Approving, normalizing, encouraging, and/or ratifying sexual misconduct;

(b)     Providing inadequate training regarding sexual misconduct;

(c)     Employing and retaining police officers such as Defendant CHRISTOPHER MCGUIRE, whom Defendant CITY OF PASO ROBLES at all times material

herein knew or reasonably should have known had dangerous propensities for abusing their authority and/or engaging in sexual misconduct;

(d)     Inadequately supervising, training, controlling, assigning, and/or disciplining CITY OF PASO ROBLES police officers, and other personnel, including Defendant CHRISTOPHER MCGUIRE, whom Defendant CITY OF PASO ROBLES knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY OF PASO ROBLES police officers;

(f)     Failing to adequately discipline CITY OF PASO ROBLES police officers for the above-referenced categories of misconduct, including "slaps on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)     Encouraging, accommodating, and/or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(h)     Maintaining a custom, practice, and/or policy of inaction and an attitude of indifference towards sexual misconduct, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in sexual misconduct with members of the public.

80.     As a direct and legal result of Defendant CITY OF PASO ROBLES' aforementioned acts and omissions, Plaintiff has suffered great physical pain, mental pain and suffering, emotional

distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained.

81.     Defendant CITY OF PASO ROBLES, together with various other officials, whether named or unnamed, had actual or constructive knowledge of the deficient customs, practices, and/or policies alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated, and through action and inaction thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

82.     By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant CITY OF PASO ROBLES acted with intentional, reckless, and callous disregard of Plaintiff's constitutional rights.  Furthermore, the customs, practices, and/or policies implemented, maintained, and tolerated by Defendant CITY OF PASO ROBLES was affirmatively linked to and were a significantly influential force behind Plaintiff's injuries.

83.     Accordingly, Defendant CITY OF PASO ROBLES is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## EIGHTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (BANE ACT)

### [California Civil Code Section and 52.1]

### (By Plaintiff Against All Defendants and DOES 1 through 10, Inclusive)

84.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 83.

85.     This cause of action is brought pursuant to California Civil Code Section 52.1.  This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage, of rights, privileges, and immunities secured by the Constitution and laws of California including, but not limited to, the right to be free from violence and threats of violence.

86.     During all times mentioned herein, Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CITY OF PASO ROBLES, and the PRPD.  Each of the

16

Defendants, separately and in concert, deprived Plaintiff of the rights and privileges secured to her by the Constitution and laws of California as alleged herein.

87. Plaintiff is informed and believes, and thereon alleges, that on the dates referenced herein, CHRISTOPHER MCGUIRE, a law enforcement officer, employee and agent, of the defendants, assaulted, battered, sexually assaulted and sexually battered Plaintiff, while acting under color of law, within CHRISTOPHER MCGUIRE's course and scope of employment as a law enforcement officer, all of which constituted excessive, unjustifiable, and unreasonable force in violation of Plaintiff's civil rights, including her right to be free from violence and threats of violence as set for in the California Civil Code.

88. In addition to the above alleged conduct, Plaintiff was subjected to the above deprivations as a result of the failure of the CITY OF PASO ROBLES, and the PRPD to properly train CHRISTOPHER MCGUIRE, and by its hiring and retention of MCGUIRE, with a known propensity for violence, including sexual violence, all of which was indicative of a policy, practice, and custom of CITY OF PASO ROBLES, and the PRPD to negligently hire law enforcement officer such as, and including, MCGUIRE.

89. The facts alleged above are part of the customs, practices, policies, and decisions of Defendants CITY OF PASO ROBLES, and the PRPD and/or DOES 1 through 10, inclusive, including, but not limited to, the following:

a) Using excessive force and violence on citizens, including the use of sexual violence;

b) Refusing to supervise, reprimand, and/or discipline law enforcement officers who engage in misconduct contrary to the laws, rules, and regulations, thus condoning the use of excessive force and violence;

c) Inadequately training and supervising employees with respect to the stop, control, arrest, detention, search, and/or apprehension of women, and the proper grounds and manner of searching and detaining a female when the law enforcement officer is a male.

90. The above acts or omissions of the Defendants, and each of them, were undertaken while under color of state law and resulted in the violation of Plaintiff's rights, as stated herein.

17

Likewise, the customs, practices, policies, and decisions of Defendants, as alleged herein and as applied to Plaintiff, resulted in the violation of Plaintiff's rights.

91.     Despite the fact that Defendants CITY OF PASO ROBLES, and the PRPD and/or DOES 1 through 10, inclusive, knew or should have known that these acts, omissions, decisions, practices, customs, and policies, both formal and informal, were being carried out by its agents and employees, said Defendants, have taken no steps to acknowledge and prevent this course of misconduct, to make redress to this Plaintiff, and only took action to discipline, reprimand, retrain, suspend, or otherwise penalize MCGUIRE long after Defendant CITY OF PASO ROBLES and PRPD became aware of said misconduct.  As such, Defendants CITY OF PASO ROBLES, PRPD and/or DOES 1 through 10, inclusive, have ratified the wrongful conduct and customs resulting in violations of Plaintiff's civil rights.

92.     The rights and privileges secured to Plaintiff by the Constitution and laws of California were implicated by the wrongful conduct of the Defendants, and each of them, which proximately caused severe injuries to the Plaintiff.  Plaintiff requests damages in an amount and manner to be shown according to proof at trial.

93.     As a further direct and proximate cause of the acts alleged herein, Plaintiff seeks attorneys' fees as provided for in California Civil Code Sections 52.1(b) and 52.1(h) in an amount and manner to be shown according to proof at trial.

94.     Defendant MCGUIRE acted willfully, knowingly, with reckless disregard and callous indifference, and purposefully with the intent to deprive Plaintiff of her rights and privileges, and did, in fact, violate the aforementioned rights and privileges, entitling Plaintiff to exemplary damages pursuant to California Civil Code Section 52(b)(1) in an amount to be determined according to proof at the trial of this matter.

///
///
///
///

18

## NINTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS – SEXUAL HARASSMENT

### [California Civil Code Section and 51.9]

### (By Plaintiff Against All Defendants and DOES 1 through 10, Inclusive)

95.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 94.  This cause of action is brought pursuant to California Civil Code Section 51.9.  This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage, of rights, privileges, and immunities secured by the Constitution and laws of California including, but not limited to, the right to be free from sexual harassment by law enforcement officers.  Defendants violated Plaintiff's civil rights and subjected her to harassment on account of her being a female.

96.     During all times mentioned herein, Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CITY OF PASO ROBLES, and the PRPD.  Each of the Defendants, separately and in concert, deprived Plaintiff of the rights and privileges secured to her by the Constitution and laws of California as alleged herein, and pursuant to Civil Code section 51.9.

97.     In committing the acts as described herein, each of the Defendants acted under color of law to deprive Plaintiff of her civil rights as guaranteed by California Civil Code Section 51.9.

98.     Defendant MCGUIRE's trusted status in the community as a law enforcement officer for the PRPD allowed MCGUIRE to be present at plaintiff's residence on a domestic violence call under color of law and establishes a professional service relationship between MCGUIRE and Plaintiff that is based on trust, ethical application of authority and fairness to all citizens Defendants were charged to protect.  Moreover, on later dates, MCGUIRE also acted under color of law when he sexually harassed and assaulted plaintiff.

99.     At all times that McGuire was at plaintiff's home on December 19, 2017 McGuire was wearing a police uniform, including wearing a Sam Browne belt, carrying a gun, carrying handcuffs, wearing a badge, and acting under color of law.

**COMPLAINT FOR DAMAGES**

100.    On December 19, 2017 when plaintiff and MCGUIRE were alone, McGuire demanded that Plaintiff hug him while he was acting under color of law, using the full power of his authority as a law enforcement officer.  There was absolutely no legitimate law enforcement purpose for demanding that Plaintiff hug McGuire.  Plaintiff, being afraid and intimidated by McGuire, who was acting under color of legal authority and carrying a gun, complied, but pulled away quickly.  McGuire ordered Plaintiff to hug him again "harder," and directed her to continue hugging him until he said to let go.  Again, there was no legitimate reason for McGuire to force Plaintiff to hug him.

101.    McGuire then "hugged" Plaintiff for several minutes using his legal authority to force her to comply.  This was done for the purpose of sexually harassing and intimidating Plaintiff while acting under color of law for his own sexual gratification.  McGuire then grabbed Plaintiff's hand and placed it on his gun, which he was wearing in a holster on his hip.  He then grabbed her left hand and placed it on his erect penis.  McGuire then asked Plaintiff which gun she preferred.  Plaintiff stated that she preferred the firearm.  McGuire directed Plaintiff to tell him what she would do to his "big cock."  McGuire also said words to the effect of "You like that, don't you?  You like men of power."  Plaintiff requested that McGuire leave her residence, but he refused, stating that she was not safe due to the front door being damaged as a result of the forced entry by the San Luis Obispo Police Department.  This was not true given that Plaintiff's boyfriend no longer presented a threat to her that evening as he was taken away from the residence by the PRPD.  McGuire eventually left the residence.

102.    Defendant MCGUIRE responded to a call for domestic violence at plaintiff's residence acting under color of law, within the course and scope of his employment.  MCGUIRE and plaintiff therefore had a business, service and/or professional relationship.  MCGUIRE made sexual advances, solicitations, sexual requests, and demands for sexual compliance, both on December 19, 2017 and on the other dates and times referenced herein.  Defendant MCGUIRE also engaged in verbal and physical conduct of a sexual nature and hostile nature based on plaintiff's gender as a female.  MCGUIRE's conduct was unwelcome and also pervasive and severe.  Plaintiff has suffered economic loss, personal injuries and the violation of constitutional rights as a result of MCGUIRE's conduct.

**COMPLAINT FOR DAMAGES**

103.    During all times mentioned herein, Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the State of California and County of Los Angeles.  Each of the Defendants, separately and in concert, deprived Plaintiff of the rights and privileges secured to her by the Civil Code as alleged herein.  The assault by Defendant John Doe and the conduct of Defendants, and each of them, was unconstitutional, without cause or justification, excessive, and illegal, and violated Plaintiff's civil rights under the Civil Code.  In addition to the above alleged conduct, Plaintiff was subjected to the above deprivations as a result of the failure of Defendant County to properly train Defendant John Doe, and by its hiring, retention and supervision of Defendant John Doe who Defendant County had prior notice was unfit for the position and was prone to commit an abuse of his authority and/or a sexual assault and false imprisonment upon a civilian.

104.    In addition to the above alleged conduct, Plaintiff was subjected to the above deprivations as a result of the failure of the CITY OF PASO ROBLES, and the PRPD to properly train CHRISTOPHER MCGUIRE, and by its hiring and retention of MCGUIRE, with a known propensity for violence, including sexual violence, all of which was indicative of a policy, practice, and custom of CITY OF PASO ROBLES, and the PRPD to negligently hire law enforcement officer such as, and including, MCGUIRE.

105.    The facts alleged above are part of the customs, practices, policies, and decisions of Defendants  CITY OF PASO ROBLES, and the PRPD and/or DOES 1 through 10, inclusive, including, but not limited to, the following:

      a)  Using excessive force and violence on citizens, including the use of sexual violence;

      b) Refusing to supervise, reprimand, and/or discipline law enforcement officers who engage in misconduct contrary to the laws, rules, and regulations, thus condoning the use of excessive force and violence;

      c)  Inadequately training and supervising employees with respect to the stop, control, arrest, detention, search, and/or apprehension of women, and the proper grounds and manner of searching and detaining a female when the law enforcement officer is a male.

**COMPLAINT FOR DAMAGES**

106.     The above acts or omissions of the Defendants, and each of them, were undertaken while under color of state law and resulted in the violation of Plaintiff's rights, as stated herein. Likewise, the customs, practices, policies, and decisions of Defendants, as alleged herein and as applied to Plaintiff, resulted in the violation of Plaintiff's rights.

107.     Despite the fact that Defendants CITY OF PASO ROBLES, and the PRPD and/or DOES 1 through 10, inclusive, knew or should have known that these acts, omissions, decisions, practices, customs, and policies, both formal and informal, were being carried out by its agents and employees, said Defendants, have taken no steps to acknowledge and prevent this course of misconduct, to make redress to this Plaintiff, and only took action to discipline, reprimand, retrain, suspend, or otherwise penalize MCGUIRE long after Defendant CITY OF PASO ROBLES and PRPD became aware of said misconduct.  As such, Defendants CITY OF PASO ROBLES, PRPD and/or DOES 1 through 10, inclusive, have ratified the wrongful conduct and customs resulting in violations of Plaintiff's civil rights.

108.     The rights and privileges secured to Plaintiff by the Constitution and laws of California were implicated by the wrongful conduct of the Defendants, and each of them, which proximately caused severe injuries to the Plaintiff.  Plaintiff requests damages in an amount and manner to be shown according to proof at trial.

109.     Defendant MCGUIRE acted willfully, knowingly, with reckless disregard and callous indifference, and purposefully with the intent to deprive Plaintiff of her rights and privileges, and did, in fact, violate the aforementioned rights and privileges, entitling Plaintiff to exemplary damages in an amount to be determined according to proof at the trial of this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against Defendants CITY OF EL PASO DE ROBLES aka CITY OF PASO ROBLES, a public entity; CHRISTOPHER MCGUIRE, an individual; and DOES 1 through 10, inclusive, as follows:

1.  For general and special damages according to proof;

2.  For punitive damages against Defendant CHRISTOPHER MCGUIRE in an amount to be proven at trial;

3.  For reasonable attorneys' fees according to proof;

4.  For an award of the costs incurred by Plaintiffs in bringing this action; as well as

5.  For such other and further relief as the Court deems proper.

Dated: December 5, 2019                          **TAYLOR & RING, LLP**

                                                 By:_____
                                                     David M. Ring
                                                     James W. Lewis
                                                     Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: December 5, 2019

**TAYLOR & RING, LLP**

By: _____
    David M. Ring
    James W. Lewis
    Attorneys for Plaintiff